IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE ALLISON MOORE, | ) | 4:09CV3024 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JAMES L. FOSTER, County Court Judge, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on February 5, 2009. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on February 5, 2009, against Lancaster County Court Judge James L. Foster. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that Defendant "racially conspired" against him. (*Id*. at CM/ECF p. 2.) Plaintiff asks the court to enter an injunction ordering Defendant to "act with a complete professional judicial role." (*Id*. at CM/ECF p. 5.) Plaintiff also seeks monetary compensation in the amount of $20,000.00. (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §

1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

#### A.  Absolute Judicial Immunity

Judicial Defendants are absolutely immune from damage suits arising from actions in their judicial capacity, whether or not erroneous, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.*

Plaintiff's Complaint indicates that Defendant's actions were taken in his judicial capacity during judicial proceedings. As such, Defendant is absolutely immune from Plaintiff's claims for monetary damages. However, Plaintiff also seeks injunctive relief. Absolute judicial immunity does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

### B. Plaintiff's Claims for Injunctive Relief

Although judicial immunity does not bar Plaintiff's injunctive relief claims, Plaintiff must still allege facts sufficient to "nudge" those claims across the line from conceivable to plausible. *Bell Atlantic Corp.*, 127 S. Ct. at 1974. Here, Plaintiff simply states that "in [his] understanding . . . the defendant is racially conspiring." (Filing No. 1 at CM/ECF p. 2.) Plaintiff's opinion, without more, is not sufficient to state a claim against Defendant. Stated another way, Plaintiff does not allege facts to support his claim that Defendant "racially conspired" against him. However, on its own motion, the court will permit Plaintiff 30 days to file an amended complaint that sufficiently states a factual basis for his claims. The court cautions Plaintiff that failure to set forth a factual basis for his claims by **April 27, 2009**, will result in dismissal of his Complaint without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary damages against Defendant are dismissed.

2. Plaintiff shall have until **April 27, 2009**, to amend his Complaint and adequately state a factual basis for his injunctive relief claims. If Plaintiff fails to submit an adequate amendment, this matter will be dismissed without prejudice and without further notice.

3. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: **April 27, 2009**: check for amended complaint and dismiss if none filed.

March 25, 2009.                    BY THE COURT:

                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge

3